UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BENITO RODRIGO FAJARDO TARQUI and
LUIS A. FAJARDO, as Administrators of the
Estate of Maria T. Quiridumbay, Deceased,

Plaintiffs,

- against -

THE UNITED STATES OF AMERICA,

Defendant,

- and -

EMERGENCY MEDICAL ASSOCIATION OF
NEW YORK, P.C., HYUN CHUNG, M.D., SACHIN
SHAH, M.D., and RONALD NUTOVITS, M.D.,

Intervenor Defendants.

14 Civ. 3523 (KMK)

---

## ORDER APPROVING SETTLEMENT ON BEHALF OF MINORS

On July 23, 2018, the above-referenced matter came on for hearing and approval

by the Court as to the reasonableness of a settlement between the United States of America

("United States") and Benito Rodrigo Fajardo Tarqui and Luis A. Fajardo, as Administrators of

the Estate of Maria T. Quiridumbay ("Plaintiffs"), the distributees of which include two minor

children, K.A.F and K.M.F. K.A.F. and K.M.F., two minor children, appeared through their

Guardian Ad Litem, Lester J. Hill, Jr., who was appointed by the Court pursuant to Rule 17(c) of

the Federal Rules of Civil Procedure and Local Rule 83.2 of the Local Rules of the United States

District Courts for the Southern and Eastern Districts of New York. The personal appearances of

K.A.F. and K.M.F. were excused for good cause. *See* N.Y. C.P.L.R. § 1208(d). Plaintiffs

appeared in person and through their counsel of record. The United States appeared through its

counsel of record.

The complete and precise terms and conditions of the settlement are set forth in the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 (hereinafter "Stipulation"), attached as Exhibit A. The Court has reviewed the Stipulation, Plaintiffs' motion for approval of the settlement, and the documents submitted in support of the motion, and heard Plaintiffs' arguments in favor of this settlement. The Court is fully informed of the specifics of the full and final terms and conditions of the settlement, including the necessity of the approval by the Attorney General of the United States and the availability of funds in the account established by Congress for the payment of settlement and judgments for claims cognizable under 42 U.S.C. § 233(g). *See* 42 U.S.C. § 233(k). The Court finds that the terms and conditions of this settlement, as set forth in the Stipulation, are fair, reasonable, and in the best interests of the Estate of Maria T. Quiridumbay, as well as K.A.F. and K.M.F., two minor children. The Court further finds that the terms and conditions of this settlement, as set forth in the Stipulation, satisfy the requirements of Local Civil Rule 83.2

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the settlement, as set forth in Exhibit A, is hereby approved. It is further ordered that Benito Rodrigo Fajardo Tarqui and Luis A. Fajardo, as Administrators of the Estate of Maria T. Quiridumbay, and Lester J. Hill, Jr., appointed as Guardian Ad Litem for K.A.F. and K.M.F., two minor children, are authorized and required to sign any documents that are necessary to consummate this settlement on behalf of the Estate of Maria T. Quiridumbay, as well as on behalf of K.A.F. and K.M.F., two minor children. It is further ordered that Lester J. Hill, Jr. is appointed as guardian of the property of K.A.F. and K.M.F., two minor children, for purposes of receiving funds on their behalf under the Stipulation and this Order pursuant to N.Y. C.P.L.R. § 1206.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the settlement amount of Two Million Four Hundred Thousand Dollars ($2,400,000) (hereinafter "Settlement Amount") shall be distributed according to the terms and conditions of the Stipulation.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that attorney's fees in this action shall be set at $592,709.12, an amount not exceeding twenty-five percent (25%) of the Settlement Amount and shall be paid as provided in the Stipulation. The Court finds that the reimbursable costs and expenses associated with the litigation are $29,163.57, and that such costs and expenses are fair, reasonable, and necessary. It is hereby ordered that such costs and expenses are approved and are to be paid as provided in the Stipulation.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs are legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or healthcare providers. The Court hereby orders Plaintiffs, by and through their counsel, to satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including Medicaid and Medicare. The Court further orders that Plaintiffs and their counsel shall provide to the United States the information required by the Stipulation regarding the satisfaction or resolution of such liens or claims for payment or reimbursement within the time specified in the Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs, upon final execution of the Stipulation and upon receiving notice from the United States Attorney's Office for the Southern District of New York that the Settlement Amount has been processed, shall cause their counsel to file with the United States District Court for the Southern District of New York a stipulation of dismissal pursuant to of this action in its entirety with prejudice as to the

3

United States pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, with each party bearing its own costs, expenses, and fees.  Upon the filing of such stipulation of dismissal, the United States Attorney's Office for the Southern District of New York shall transmit or cause to be transmitted to Plaintiffs' counsel the Settlement Amount.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court shall not retain jurisdiction over the action against the United States or the settlement.

Dates this 23ʳᵈ day of July, 2018.

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENITO RODRIGO FAJARDO TARQUI and LUIS A. FAJARDO, as Administrators of the Estate of Maria T. Quiridumbay, Deceased,<br><br>                            Plaintiffs,<br><br>     - against -<br><br>THE UNITED STATES OF AMERICA,<br><br>                            Defendant,<br><br>     - and -<br><br>EMERGENCY MEDICAL ASSOCIATION OF NEW YORK, P.C., HYUN CHUNG, M.D., SACHIN SHAH, M.D., and RONALD NUTOVITS, M.D.,<br><br>                 Intervenor Defendants. | 14 Civ. 3523 (KMK) |

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned Plaintiffs (meaning any person, other than the defendant and the parties' attorneys, signing this agreement waiving and releasing claims, whether or not a party to this civil action), and Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively, "the parties," by and through their respective attorneys, as follows:

1.     The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or

Page 1

*Tarqui,* et al. *v. United States,* et al.,
Stipulation for Compromise Settlement and Release

indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

2.    This Stipulation is not, is in no way intended to be, and should not be, construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees (including individuals and entities covered by 42 U.S.C. § 233), and it is specifically denied that they are liable to the Plaintiffs.   This settlement is entered into by Plaintiffs and the United States for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3.    In consideration for the Plaintiffs' acceptance of the terms and conditions of the settlement and this Stipulation, the United States agrees to pay the cash sum of Two Million Four Hundred Thousand Dollars ($2,400,000) (hereinafter "Settlement Amount"), as follows:

a.    Within three business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) a court Order approving the settlement on behalf of the Estate of Maria T. Quiridumbay and apportioning proceeds amongst the beneficiaries of Maria T. Quiridumbay's estate; (3) the Social Security numbers or tax identification numbers of Plaintiffs, the Estate of Maria T. Quiridumbay, and their attorney; and (4) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will send a formal request to the Health Resources and Services Administration, United States Department of Health and Human Services, requesting that the Settlement Amount be paid by check to Benito Rodrigo Fajardo Tarqui and Luis A. Fajardo, as Administrators and personal representatives of the Estate of

Maria T. Quiridumbay, and delivered to the United States Attorney's Office for the Southern

District of New York, Civil Division, to hold until Plaintiffs have obtained an order from the

United States District Court for the Southern District of New York dismissing this action as

against the United States with prejudice, with each party to bear its own costs, expenses, and

fees, and expressly not retaining jurisdiction over this action, this settlement, or the United

States.

        b.       With respect to the payment of the Settlement Amount, Plaintiffs stipulate

and agree that the United States will not sign an annuity application form, a uniform qualified

settlement form, or any equivalent such forms, and that the United States will not pay the

Settlement Amount into a qualified settlement fund or an equivalent fund or account.   Plaintiffs

further stipulate and agree that they, their attorney, any Guardian Ad Litem, and their

representatives (including any structured settlement annuity broker, regardless of whether said

broker was retained by them or by someone else, either before, during, or after the settlement)

will not attempt to structure the Settlement Amount in any way, form, or manner, including by

placing any of the Settlement Amount into any qualified settlement fund or its equivalent.

However, nothing in this Paragraph 3.b. precludes the Plaintiffs from purchasing non-qualifying

annuities after the Plaintiffs have cashed the settlement check, but they agree that they will not

represent to any person, entity, or agency that they are purchasing structured settlement annuities

and they agree they will not attempt to purchase such structured settlement annuities.

Page 3

        c.       Plaintiffs agree to endorse the settlement check over to their attorney to be deposited in the attorney's client trust account to facilitate the disbursement of the Settlement Amount, as authorized by the approving court.

        d.       The parties agree that any attorneys' fees owed by the Plaintiffs in their Federal Tort Claims Act suit against the United States shall not exceed twenty-five percent (25%) of the Settlement Amount, in accordance with 28 U.S.C. § 2678.   The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses of this action against the United States, and their costs, expenses, and fees (including all fees of any legal Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of the Estate of Maria T. Quiridumbay and the wrongful death beneficiaries, shall be paid out of the Settlement Amount, and not in addition thereto.   The Plaintiffs agree to pay all the costs, expenses, and Guardian Ad Litem fees associated with obtaining court approval of the settlement on behalf of the Estate of Maria T. Quiridumbay and the wrongful death beneficiaries.   The parties further agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

        e.       The Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns stipulate and agree that they are legally responsible for any and all past, present, and future liens and past, present, or future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity,

including private insurance companies, Medicaid (including the State of New York), and Medicare, arising from the injuries that are the subject matter of this action.   The Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity.   By signing this Stipulation, the Plaintiffs and their attorney represent that, as of the date they sign this Stipulation, they have made a diligent search and effort to determine the identify of any individual or entity that has or may have a lien or claim for payment or reimbursement arising from the injuries that are the subject matter of this action.   The Plaintiffs and their attorney agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by the Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder or claimant has waived and released such lien or claim.   The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder or claimant has waived and released such lien and claim.

        f.     Subject to court approval, Plaintiffs propose that the Settlement Amount shall be allocated as follows:

           i.     $231,156.54 to Benito Rodrigo Fajardo Tarqui and Luis A. Fajardo as personal representatives of the Estate of Maria T. Quiridumbay;

Page 5

ii.   $333,398.86 to Benito Rodrigo Fajardo Tarqui as a wrongful death beneficiary of Maria T. Quiridumbay;

iii.   $533,438.19 to K.A.F., a minor child (through the appointed guardian of his property), as a wrongful death beneficiary of Maria T. Quiridumbay;

iv.   $680,133.72 to K.M.F., a minor child (through the appointed guardian of her property), as a wrongful death beneficiary of Maria T. Quiridumbay; and

v.   $592,709.12 to the law firm of Friedman Sanchez, for attorneys' fees; and

vi.   $29,163.57 to the law firm of Friedman Sanchez, for expenses and disbursements.

4.   Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns hereby accept the terms and conditions of the settlement, including the payment of the Settlement Amount set forth in Paragraph 3 above, in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which the Plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States, its agents,

Page 6

servants, and employees (including individuals and entities covered by 42 U.S.C.§ 233) on account of the subject matter that gave rise to the above-captioned action.

Plaintiffs, on behalf of themselves, their respective heirs, executors, administrators, assigns, and predecessors and successors in interest, do hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, release and forever discharge the United States, its respective officials, agencies, representatives, officers, agents, assigns, servants, and employees (including individuals and entities covered by 42 U.S.C. § 233) from any and all claims, demands, rights, causes of action, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have, or hereafter may have with respect to the subject matter that gave rise to the above-captioned action, as well as claims relating to or arising out of the subject matter that gave rise to the above-captioned action that could have been but were not alleged in this action.

Plaintiffs, on behalf of themselves, their respective heirs, executors, administrators, assigns, and predecessors and successors in interest, further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

5.      This compromise settlement is specifically subject to each of the following conditions:

Page 7

a.       The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation.

b.       The parties must agree in writing to the terms, conditions, and requirements of this Stipulation.   The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation.   The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void.   The parties must agree to the terms, conditions, and requirements of this Stipulation before the United States Attorney's Office for the Southern District of New York will seek settlement authority from the Attorney General or the Attorney General's designee.

c.       Plaintiffs must obtain, at their expense, an Order by the Surrogate's Court, State of New York, and by the United States District Court for the Southern District of New York, approving the terms of the settlement on behalf of the Estate of Maria T. Quiridumbay and the wrongful death beneficiaries.   The terms of any court Order, a draft of which shall be provided by the United States, are a condition of this settlement.   Any change to the terms of the Order(s) without the prior written consent of the United States shall render this settlement null and void.   Plaintiffs agree to obtain such approval in a timely manner, time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event

Page 8

such approval is not obtained in a timely manner.   In the event Plaintiffs fail to obtain such court

approval, the entire Stipulation and the compromise settlement are null and void.   The Plaintiffs

must obtain such court approval before the United States Attorney's Office for the Southern

District of New York will seek settlement authority from the Attorney General or the Attorney

General's designee.

        d.     Plaintiffs must obtain a release and waiver of any claim or cause of action

(whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has

or may have in the future against the United States, its agents, servants, and employees

(including individuals and entities covered by 42 U.S.C. § 233) arising out of the subject matter

of the above-captioned action.   This condition is for the benefit of the United States exclusively.

The United States will provide the form of Release and Waiver to be used by the Plaintiffs in

obtaining such releases and waivers from any alleged tortfeasor(s).   Before the United States

Attorney's Office for the Southern District of New York will seek settlement authority from the

Attorney General or the Attorney General's designee, the Plaintiffs must provide the United

States with either (i) all such releases and waivers required by this Paragraph 5.d; or (ii) a written

representation by Plaintiffs' attorney stating that, after a diligent search of counsel's records and

files, including expert and consultant reports, and of the Plaintiffs' records and files, the

Plaintiffs and their attorney are unaware of any such potential tortfeasor(s).

        e.     In the event there are any currently known liens or claims for payment or

reimbursement, including any liens or claims by Medicaid (including the State of New York or

any other state) or Medicare, arising out of the subject matter that gave rise to the above-

Page 9

captioned action, whether disputed as legally valid or not, Plaintiffs must obtain a release and waiver from any State, private entity, or private individual who claims to have such lien or claim. For purposes of this Stipulation, such lien or claim includes but is not limited to, a claim or cause of action for reimbursement for any payments made to or on behalf of Plaintiffs or a claim or cause of action for reimbursement for any goods or services provided or furnished to or on behalf of Plaintiffs.   Plaintiffs must obtain such release and waiver before the United States will seek settlement authority from the Attorney General or the Attorney General's designee.   Plaintiffs and their attorneys agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder or claimant has waived and released such lien or claim.   The evidence required by the terms of this paragraph may be satisfied by a letter from Plaintiffs' attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder or claimant has waived and released such lien and claim.

      f.      The United States District Court for the Southern District of New York must dismiss this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above-captioned action, this settlement, or the United States.

      g.      The payment of this settlement is subject to there being sufficient funds in the account established pursuant to 42 U.S.C. § 233(k) to pay the settlement in its entirety.

6.      The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

7.      Any and all individual taxation consequences as a result of this Stipulation are the sole and exclusive responsibility of Plaintiffs.   The United States does not warrant any representation of any tax consequences of this Stipulation.   Nothing contained herein shall constitute a waiver by Plaintiffs of any right to challenge any tax consequences of this Stipulation.

8.      Plaintiffs represent that they have read, reviewed, and understood this Stipulation, that they are fully authorized to enter into the terms and conditions of this agreement, and that they agree to be bound thereby.   Plaintiffs further acknowledge that they enter into this Stipulation freely and voluntarily.   Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation with their attorney, who has explained the documents to Plaintiffs, and that Plaintiffs understand all of the terms and conditions of this Stipulation.

9.      It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party.   All such counterparts and signature pages, together, shall be deemed to be one document.

**WHEREAS,** the parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

Page 11

*Tarqui,* et al. *v. United States,* et al.,
Stipulation for Compromise Settlement and Release

Executed this _____ day of _____, 2018

UNITED STATES OF AMERICA

       GEOFFREY S. BERMAN
       United States Attorney for the
       Southern District of New York


By:    _____
       ANDREW E. KRAUSE
       Assistant United States Attorney

       Counsel for Defendant United States of America

Page  12

*Tarqui*, et al. *v. United States,* et al.,
Stipulation for Compromise Settlement and Release

Executed this _____ day of _____, 2018

FRIEDMAN SANCHEZ, LLP

By: _____
      ANDREW M. FRIEDMAN

      Counsel for Plaintiffs

Page 13

*Tarqui,* et al. *v. United States,* et al.,
Stipulation for Compromise Settlement and Release

Executed this ____14____ day of ____June____, 2018

Benito Rodrigo Fajardo Tarqui and Luis A. Fajardo, as Administrators and personal representatives of the Estate of Maria T. Quiridumbay;

By: _Benito Fajardo_____
    BENITO RODRIGO FAJARDO TARQUI

    Administrator and personal representative of the Estate of
    Maria T. Quiridumbay

By: _Luis Fajardo_____
    LUIS A. FAJARDO

    Administrator and personal representative of the Estate of
    Maria T. Quiridumbay

Page 14

*Tarqui,* et al. *v. United States,* et al.,
Stipulation for Compromise Settlement and Release